## Commonwealth v. Hayden

*Russell H. Adams*, district attorney, for Commonwealth.

*James F. Malone, Jr.*, for defendant.

ELLENBOGEN, J., November 15, 1944. — This case comes before the court in banc on a motion ex parte defendant to quash the indictment. The motion assigns seven reasons why the indictment should be quashed. Since we believe that one of these reasons, namely, that the information is insufficient to support the indictment, is well taken, we do not deem it necessary to discuss the other reasons.

After having been corrected, on motion allowed by us, the indictment charges that on December 21, 1932, defendant unlawfully separated himself from his minor children without reasonable cause and wilfully neglected to support them, the said children being destitute and being dependent wholly or in part on his earnings for adequate support. The indictment is obviously drawn under the provisions of section 731 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4731, which is a reënactment of the Act of March 13,

1903, P. L. 26. Section 731 makes the offense a misdemeanor and provides for a penalty of imprisonment and fine. The information consists of two parts, the first of which states:

"On the 10th day of April, A. D. 1944, defendant aforesaid did then and there — If any husband, or father, being within the limits of the commonwealth, separates himself from his wife or his children, or from wife or children, without reasonable cause, or neglects to maintain his wife and children, any magistrate, upon information made before him under oath or affirmation, by his wife or children, . . ."

This is substantially a quotation verbatim of the language of section 733 of The Penal Code of 1939, which is a reënactment of the Act of April 13, 1867, P. L. 78, as amended, 18 PS §4733. This section does not charge an indictable offense but a summary proceeding for desertion and nonsupport. The Commonwealth does not depend on this part of the information but contends that the second part of the information is sufficient to support the indictment. It reads as follows:

*"Abandonment.*

"That the above named defendant, being the father of John Denny, Jr. and Marguerite Hayden children under the age of seven years did on or about one day in 1932 expose these children in a certain place namely Pittsburgh, Pa., with intent to wholly abandon them."

This recital is drawn under section 726 of the Criminal Code of June 24, 1939, P. L. 872, 18 PS §4726, which makes the abandonment of infants under seven years of age a misdemeanor, subject to sentence of imprisonment and fine. The substance of the charge of abandonment, as stated in the information, is that this defendant *"exposed"* these children ". . . with intent to abandon them." To "expose" means to "turn out", "cast out", "abandon". This section of the information deals with a person who exposes children of tender age in an unprotected situation, thus subjecting the

children to a position of danger to their health or life. This is entirely different from a father who separates himself from his children and neglects to support them. Separation from a child and failure to support is present even when the child is left in the custody of the mother. In such a case a charge for abandonment or exposure could, of course, not be maintained. The indictment therefore fatally varies from the information and we are obliged to quash it.